# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:23-MJ- 18-SKL
The Residence, Premises, Outbuildings, and Vehicles )
located at 883 Donaldson Road, Chattanooga, TN, )
associated with Koby Proctor and John Coulter )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A attached and incorporated herein.

located in the ___Eastern___ District of ___Tennessee___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) & 846 | Distribution / conspiracy to distribute a controlled substance; |
| 18 U.S.C. §§ 922(g)(1), 924(c) | Felons in Possession of Firearms and use of firearm in furtherance of a crime |

The application is based on these facts:
See attached Affidavit of ATF Special Agent Adam Baldwin

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Adam Baldwin, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/18/2023

*Judge's signature*

City and state: Chattanooga, Tennessee     Hon. Susan K. Lee, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE, PREMISES, OUTBUILDINGS, AND VEHICLES LOCATED AT 883 DONALDSON ROAD CHATTANOOGA, TN, THE RESIDNECE ASSOCIATED WITH KOBY PROCTOR AND JOHN COULTER | Case No. 1:23-MJ- 18-SKL<br><br>**Filed Under Seal** |

## ATTACHMENT A

Description of the Residence/Premises/Property of 883 Donaldson Road Chattanooga, TN



883 Donaldson Road Chattanooga, TN, is a single-story duplex, with Unit 883 on the right side of the structure if facing the residence from Donaldson Road. A mailbox at the end of the driveway is also marked with "883". The structure is red brick, with white trim around the windows and roofline. A concrete sidewalk leads from the driveway to the front door for 883 Donaldson Road.

To arrive at 883 Donaldson Road Chattanooga, TN from the East Ridge Police Department, head NW on Ringgold Road, then turn right onto Donaldson Road. In .2 miles, stay to the right on Donaldson Road. In approximately 157 feet, 883 Donaldson Road will be on the left.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE, PREMISES, OUTBUILDINGS, AND VEHICLES LOCATED AT 883 DONALDSON ROAD CHATTANOOGA, TN, THE RESIDNECE ASSOCIATED WITH KOBY PROCTOR AND JOHN COULTER | Case No. 1:23-MJ-18-SKL<br><br>**Filed Under Seal** |

## ATTACHMENT B

1. Books, records, receipts, notes, ledgers, codes, and other papers relating to the transportation, ordering, purchase and possession and distribution of controlled substances, including, but not limited to, firearms and ammunition.

2. Books, records, receipts, notes, ledgers, codes, and other papers and electronic records related to the transportation, ordering, purchasing and possession of firearms and distribution and possession of controlled substances.

3. Books, records, receipts, bank statements and records, financial statements, loan applications and records, wills, real estate records, money drafts, letters of credit, money orders and cashier's checks, safe deposit box keys, records and agreements, and other documents evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring and/or concealing of currency equivalents.

3. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds.

4. Photographs, videotapes, slides, and other visual depictions of the occupants and

1

owner(s) of 883 Donaldson Road Chattanooga, TN, related to the possession of controlled substances, including but not limited to, photographs, videotapes, slides, and other visual depictions of items such as, but not limited to, notes, records, diaries, journals and papers, and/or assets.

5. Indicia of occupancy, residency, and/or ownership of the premises or other assets including, but not limited to, utility and telephone bills, cancelled checks, and keys.

6. Firearms, ammunition and items associated with firearms, i.e. magazines, accessories, holsters, and gun cases.

7. Sales receipts for items evidencing the expenditure of currency or currency equivalents.

8. Paraphernalia for packaging, weighing, cutting, and distributing controlled substances, including but not limited to, scales, plastic bags, trash compactors, and chemical test kits.

9. Documents, books, and papers reflecting names, addresses and/or telephone numbers pertaining to, but not limited to the occupants and owner(s) of 883 Donaldson Road Chattanooga, TN.

10. Computer equipment, programs, storage disks, cellular phones and printouts evidencing the distribution of controlled substances, the expenditure of currency or currency equivalents and/or indebtedness to and loan repayments to the individual(s) listed in paragraph two above.

11. Books, records, receipts, notes, ledgers, invoices, bank records, purchase records, cash receipts and disbursement journals, inventory records, and other records relating to the operation of a controlled substances distribution network.

12. Cellular telephones, including the electronic address book, stored memory feature and the SIM card (or similar type of electronic data storage card) of the cellular telephone.

13. Controlled substances, to include, but not limited to, meth.

14. All of which are fruits, evidence and instrumentalities of crimes against the United States of America; that is possession and possession with the intent to distribute controlled substances by the occupants and owner(s) of 883 Donaldson Road Chattanooga, TN, in violation of Title 21 U.S.C. § 841, Title 21 U.S.C. § 846, Title 18 U.S.C. § 922(g)(1) and (g)(3), and Title 18 U.S.C. § 924(c).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE, PREMISES, OUTBUILDINGS, AND VEHICLES LOCATED AT 883 DONALDSON ROAD CHATTANOOGA, TN, THE RESIDNECE ASSOCIATED WITH KOBY PROCTOR AND JOHN COULTER | Case No. 1:23-MJ-18-SKL<br><br>**Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A SEARCH WARRANT**

This Affiant, Adam Baldwin, Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), being duly sworn, states the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. I, Adam Baldwin, am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since August 2014. Since January 2022, I have also represented ATF as a Task Force Officer (TFO) assigned to the United States Marshals Service (USMS) Smokey Mountain Fugitive Task Force. In addition to my employment with ATF, I have over three years of law enforcement experience with the Pentagon Force Protection Agency (PFPA). During my tenure with PFPA, I served two years as a police officer in multiple capacities, to include patrol, surveillance detection, and as a law enforcement liaison to the Director of PFPA. I additionally served approximately one year as a special agent with PFPA, conducting complex criminal and protective intelligence investigations, as well as conducting domestic and international protective missions. I am a graduate of the Federal Law Enforcement Training Center (FLETC) Uniformed Police Training Program (UPTP), Criminal

1

Investigator Training Program (CITP), and the ATF Special Agent Basic Training (SABT) Program. I have received specialized training with respect to narcotics and firearms violations and have been involved in numerous investigations involving violent crimes and the seizure of firearms and controlled substances. I also have a Bachelor of Science in Criminal Justice from East Tennessee State University and a Master of Science in Criminal Justice from The University of Tennessee at Chattanooga.

2. This affidavit is submitted in support of an application for a search and seizure warrant of the residence and premises located at the following location: 883 Donaldson Road Chattanooga, TN, the residence known to be associated with Koby PROCTOR (hereinafter PROCTOR) and John COULTER (hereinafter COULTER). Information contained in this affidavit has been obtained through observations by your Affiant and interviews with fellow law enforcement officers. Not every fact known to your Affiant regarding the case has been included in the affidavit. Your Affiant has only included information and facts needed for the court to make a finding of probable cause.

3. Based upon your Affiant's training and experience and participation in investigations involving controlled substances, your Affiant knows that when controlled substances are illegally used, manufactured, and trafficked, other supporting items and materials are usually present in addition to the controlled substances themselves. These supporting items commonly associated with the use of and trafficking of controlled substances include, but are not limited to: drug paraphernalia, scales, and packaging materials suitable for particular substance(s), records and notes (including computer and electronically stored) of controlled substance transactions, money (proceeds of or capital for controlled substance(s) transactions), firearms kept for protection, stolen property (often traded for controlled substances), electronic

2

devices suitable for use in controlled substance transactions, recordings of such transactions, or electronic devices suitable for avoiding law enforcement.

4. It is also common for traffickers of these substances to use electronic communication devices such as cellular telephones, pagers, both numeric and two-way, and computers so that they can conduct their business at virtually any time without unnecessary delay. Your Affiant knows that these devices are usually found on or in very close proximity to these persons and that such electronic devices are capable of storing information such as phone numbers and/or coded messages which may lead to the identity of codefendants, coconspirators, and/or sources of supply. Cellular phones, phone records, device purchase agreements and other related documents related to the ownership are normally kept at their businesses, and/or places of operation. It is also common for them keep their electronic communication devices and cellular telephones in close proximity to themselves, on their person, in their vehicles, or at their business or place of operation. Cellular telephones, in addition to being communication devices, are also storage devices for data. Data electronically stored inside cellular telephones include telephone numbers of associates, logs of the date and time that individual calls were made, voice and text messages from associates and photographs of the primary user, family members and associates, location information, internet browsing history, calendar entries, task lists, contact information, and other similar data. The data inside cellular telephones is evidence of such sales activity, demonstrates true ownership and control of the telephones, which can be registered to another person, and can be effectively used to corroborate the statements of witnesses. With the advent of "smart phones" all of the documents and information discussed within this section can be held on a smart phone in electronic format as well.

5. Based upon training and experience in conducting investigations involving

controlled substances, your Affiant also knows that drug dealers, while utilizing electronic communication devices to conduct their business, will often use "slang," or "code words" when referring to their business activities. These code words may include reference to, but are not limited to, money, narcotics, other co-conspirators, and certain locations. Drug dealers use these code words in an attempt to conceal their illegal activities from law enforcement in an effort to avoid detection. Your Affiant is also aware that specific slang and code words utilized by those trafficking in controlled substances may be influenced by various factors such as geographical area, cultural influences, and the type of controlled substance being trafficked.

6. In your Affiant's training and experience, users of and traffickers in controlled substances, when hiding or transporting controlled substances or cash, commonly conceal them in several separate "stashes," often in several rooms of a building, outbuilding, vehicles, and in public or common areas which can be kept under their observation. Narcotics traffickers will also often place assets in names other than their own to conceal their assets from law enforcement.

7. Your affiant is aware that narcotics traffickers sometimes utilize multiple "stash locations" in an attempt to keep large quantities of controlled substances separate. Based on your Affiant's training and experience, your Affiant knows this to be done so that law enforcement cannot seize all of the controlled substance at one time if law enforcement is alerted to the location of a single "stash location." This is also done in an attempt to secrete controlled substances from non-law enforcement personnel in an attempt minimize the potential of a robbery by individuals seeking to take possession of controlled substances during armed robberies, home invasions, or routine thefts.

8. It has also been your Affiant's training and experience that those who use or traffic in controlled substances, especially when law enforcement appears, will attempt to physically separate themselves from the controlled substances. They often do this by placing a controlled substance in a "neutral" location. They often employ intermediaries as couriers and drivers, to store drugs or conduct transactions. These intermediaries often include associates, but may also be extended to women, juveniles, or older people. Traffickers will use these individuals to transport controlled substances or otherwise assist the operation. These "mules" (as they are sometimes called) hold or transport the controlled substances or cash, allowing the dealer to stay "clean." Traffickers will also often "hand off" incriminating evidence to another person if confronted by law enforcement. In sum, these methods are used to attempt to insulate traffickers from risk of detection and apprehension by law enforcement.

9. Your Affiant also knows through training and experience, those involved in the illegal possession of firearms will also frequently store firearms in their residences and vehicles. Based upon your Affiant's training and experience, individuals in possession of firearms, especially when used for personal protection, will often retain those firearms for extended periods of time. Furthermore, individuals involved in the illegal distribution of controlled substances commonly possess and retain firearms for protection during their narcotics distribution-related activities. Those individuals typically use those firearms to protect their narcotics, or "stash," as well as to use as a deterrent to keep others from attempting to rob them of narcotics or cash.

10. Based on your Affiant's training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 USC § 922(g)(1), Title 18 USC § 922(g)(3), Title 18 USC § 924(c), Title 21 USC §§ 841(a)(1) and 846 have been

5

Case 1:23-mj-00018-SKL    Document 3    Filed 01/18/23    Page 10 of 20    PageID #: 13

committed by PROCTOR and COULTER and known and unknown co-conspirators.

## **PROBABLE CAUSE**

11. In May 2020, the ATF Chattanooga Field Office and members of the East Ridge Police Department (ERPD) initiated an investigation into PROCTOR and COULTER for their involvement in the illegal possession of firearms and distribution of narcotics from their residence, 883 Donaldson Road Chattanooga, TN. Between May 2020 and early June 2020, your Affiant and ERPD investigators determined PROCTOR and COULTER to reportedly have numerous firearms stored throughout the residence, as well as be involved in the distribution, of marijuana, psilocybin (hereinafter mushrooms), and powder cocaine.

12. On June 5, 2020, investigators executed a search warrant at 883 Donaldson Road Chattanooga, TN. Both PROCTOR and COULTER were present at the time of the execution of the warrant. During the search of the residence, investigators recovered the following:

- $19,523 cash
- 2.8 lbs. of marijuana
- 28.7 grams mushrooms
- 35 Counterfeit Xanax Bars
- 13 firearms
- A large quantity of assorted ammunition
- Miscellaneous drug paraphernalia, to include paraphernalia associated with the distribution of narcotics (scales, packaging, etc).

13. PROCTOR and COULTER were interviewed by Your Affiant following the warrant. PROCTOR admitted to distributing marijuana, mushrooms, and counterfeit Xanax bars,

6

and claimed to use the "dark web" to conduct a majority of his narcotics trafficking activities. PROCTOR also admitted to possessing firearms for protection while conducting narcotics transactions.

14. During COULTER's interview, COULTER claimed ownership of the firearms recovered from his bedroom and admitted to smoking marijuana every day for approximately 50 years. COULTER elaborated that PROCTOR supplies him with the marijuana that he smokes, admitted to having knowledge of PROCTOR distributing marijuana from 883 Donaldson Road Chattanooga, TN, as well as providing marijuana to people at the request of PROCTOR when PROCTOR was not present at the residence. COULTER was also advised by your Affiant that it was against federal law to illegal use a controlled substance and possess firearms.

15. In addition to the above investigative activities, on February 8, 2021, ERPD responded to a report of shots fired at 883 Donaldson Road Chattanooga, TN. According to dispatch, the reporting party claimed a male had been shot in the leg at the residence and subsequently departed in a vehicle. Your Affiant also responded to the scene due to the ongoing investigation into PROCTOR. During an execution of a search warrant at the residence, law enforcement recovered the following items:

- A Ruger 9mm pistol
- Approximately 181 grams of marijuana
- 297 counterfeit Xanax bars
- A large quantity of ammunition
- Vacuum bags containing marijuana residue.

7

16. During an interview with PROCTOR following the February 8, 2021 warrant, PROCTOR claimed he and an associate were using narcotics in PROCTOR's bedroom, at which time an argument ensued. PROCTOR further stated that he fired a shot from the Ruger 9mm pistol into the ground to get his associate to leave 883 Donaldson Road Chattanooga, TN. PROCTOR elaborated that the associate had initially come to 883 Donaldson Road to purchase narcotics from PROCTOR, at which time PROCTOR confirmed the Ruger 9mm pistol was present and visible in his bedroom "in case something happened" during the drug deal. PROCTOR also confirmed that he was once again distributing marijuana and Xanax bars.

17. In July 2022, PROCTOR pled guilty in the Criminal Court of Hamilton County, TN to felony Possession of Psilocybin for Resale (8 years) and felony Possession of Alprazolam for Resale (2 years) and placed on felony probation in the State of Tennessee.

18. On January 12, 2023, officers with Tennessee Probation and Parole and ERPD conducted a probation search at 883 Donaldson Road Chattanooga, TN to ensure PROCTOR was abiding by the conditions of his probation. Prior to that day law enforcement had confirmed both PROCTOR and COULTER were still the residents at 883 Donaldson Road Chattanooga, TN. In addition to the probation search of PROCTOR's room and belongings, officers also obtained consent from COULTER to search his room and belongings. During the search, the following was observed by officers:

- Two handguns hidden underneath pillows on the living room couch
- An estimated 7-10 firearms hidden in various locations in COULTER's bedroom
- Three rounds of .223 caliber ammunition in PROCTOR's bedroom
- Assorted ammunition throughout the residence

8

Case 1:23-mj-00018-SKL    Document 3    Filed 01/18/23    Page 13 of 20    PageID #: 16

- Assorted drug paraphernalia associated with the smoking of marijuana and meth
- White powder on PROCTOR's dresser
- Numerous plastic baggies in the area of the living room couch
- Screenshots from PROCTOR's phone of suspected narcotics and messages related to the distribution of narcotics.

19. The following photographs depict firearms and illegal drugs that were found in the January 12, 2023 search. The photographs were provided by PROCTOR's probation officer. The photographs depict two of the many firearms that were found in the search but not seized.



9



20. While on scene, COULTER claimed ownership of all firearms recovered inside the residence, as well as the paraphernalia related to the use of marijuana. COULTER also admitted to continuing to smoke marijuana. COULTER also advised PROCTOR's probation officer that officers need to come back on the "weekends," as PROCTOR "sells loads" and that is when all the "whores and drugs" are at the residence. PROCTOR, having previously been convicted of a felony, claimed possession of the ammunition recovered from his bedroom but did not provide additional statements to law enforcement.

21. According to ERPD and Probation and Parole Officers, in the January 12, 2023 search, some of the drug paraphernalia was seized, as well as the ammunition from PROCTOR's bedroom and PROCTOR's cellphone. However, the firearms were left in place and not seized.

10

22. In sum based on the above-stated information, your Affiant submits PROCTOR is illegally in possession of and has access to firearms in violation of 18 U.S.C. 922(g)(1), and that PROCTOR is involved in the distribution of illegal narcotics from his residence, 883 Donaldson Road Chattanooga, TN. Your Affiant also submits that COULTER is in possession of numerous firearms in violation of 18 U.S.C. 922(g)(3). Such information is not only supported by the items recovered during the probation search related to PROCTOR and the consent search pursuant to COULTER's consent at 883 Donaldson Road Chattanooga, TN, but also by COULTER's own admissions of his own illegal activity, as well as COULTER's knowledge of PROCTOR's illegal activity occurring at the residence.

23. WHEREFORE, based upon the facts detailed above, together with your Affiant's training and experience in drug trafficking investigations, your Affiant believes and submits there is probable cause to believe that the premises located at 883 Donaldson Road Chattanooga, TN including the residence, outbuilding, vehicle(s), and curtilage located herein described will contain evidence of the illegal possession of firearms and drug trafficking, in violation of Title 18, United States Code, Section 922(g)(1), Title 18, United States Code, Section 924(c), Title 18, United States Code, Section 922(g)(3), Title 21, United States Code, Section 841 and Title 21, United States Code, Section 846. These fruits, evidence, and instrumentalities of crimes against the United States of America are described with particularity in Attachment B.

Sworn to and subscribed before me this 18th day of January 2023.

_____
Honorable Susan K. Lee
United States Magistrate Judge

Respectfully submitted,

_____
Adam Baldwin
ATF Special Agent

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE RESIDENCE, PREMISES, OUTBUILDINGS, AND VEHICLES LOCATED AT 883 DONALDSON ROAD CHATTANOOGA, TN, THE RESIDNECE ASSOCIATED WITH KOBY PROCTOR AND JOHN COULTER | Case No. 1:23-MJ-18-SKL<br><br>Filed Under Seal |

## ATTACHMENT A

Description of the Residence/Premises/Property of 883 Donaldson Road Chattanooga, TN



883 Donaldson Road Chattanooga, TN, is a single-story duplex, with Unit 883 on the right side of the structure if facing the residence from Donaldson Road. A mailbox at the end of the driveway is also marked with "883". The structure is red brick, with white trim around the windows and roofline. A concrete sidewalk leads from the driveway to the front door for 883 Donaldson Road.

To arrive at 883 Donaldson Road Chattanooga, TN from the East Ridge Police Department, head NW on Ringgold Road, then turn right onto Donaldson Road. In .2 miles, stay to the right on Donaldson Road. In approximately 157 feet, 883 Donaldson Road will be on the left.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

IN THE MATTER OF THE SEARCH OF
THE RESIDENCE, PREMISES,
OUTBUILDINGS, AND VEHICLES
LOCATED AT 883 DONALDSON ROAD
CHATTANOOGA, TN, THE RESIDNECE
ASSOCIATED WITH KOBY PROCTOR
AND JOHN COULTER

Case No. 1:23-MJ- 18-SKL

**Filed Under Seal**

## ATTACHMENT B

1. Books, records, receipts, notes, ledgers, codes, and other papers relating to the transportation, ordering, purchase and possession and distribution of controlled substances, including, but not limited to, firearms and ammunition.

2. Books, records, receipts, notes, ledgers, codes, and other papers and electronic records related to the transportation, ordering, purchasing and possession of firearms and distribution and possession of controlled substances.

3. Books, records, receipts, bank statements and records, financial statements, loan applications and records, wills, real estate records, money drafts, letters of credit, money orders and cashier's checks, safe deposit box keys, records and agreements, and other documents evidencing the obtaining, secreting, transferring, and/or concealing of assets and the obtaining, secreting, transferring and/or concealing of currency equivalents.

3. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds.

4. Photographs, videotapes, slides, and other visual depictions of the occupants and

1

owner(s) of 883 Donaldson Road Chattanooga, TN, related to the possession of controlled substances, including but not limited to, photographs, videotapes, slides, and other visual depictions of items such as, but not limited to, notes, records, diaries, journals and papers, and/or assets.

5. Indicia of occupancy, residency, and/or ownership of the premises or other assets including, but not limited to, utility and telephone bills, cancelled checks, and keys.

6. Firearms, ammunition and items associated with firearms, i.e. magazines, accessories, holsters, and gun cases.

7. Sales receipts for items evidencing the expenditure of currency or currency equivalents.

8. Paraphernalia for packaging, weighing, cutting, and distributing controlled substances, including but not limited to, scales, plastic bags, trash compactors, and chemical test kits.

9. Documents, books, and papers reflecting names, addresses and/or telephone numbers pertaining to, but not limited to the occupants and owner(s) of 883 Donaldson Road Chattanooga, TN.

10. Computer equipment, programs, storage disks, cellular phones and printouts evidencing the distribution of controlled substances, the expenditure of currency or currency equivalents and/or indebtedness to and loan repayments to the individual(s) listed in paragraph two above.

11. Books, records, receipts, notes, ledgers, invoices, bank records, purchase records, cash receipts and disbursement journals, inventory records, and other records relating to the operation of a controlled substances distribution network.

2

12. Cellular telephones, including the electronic address book, stored memory feature and the SIM card (or similar type of electronic data storage card) of the cellular telephone.

13. Controlled substances, to include, but not limited to, meth.

14. All of which are fruits, evidence and instrumentalities of crimes against the United States of America; that is possession and possession with the intent to distribute controlled substances by the occupants and owner(s) of 883 Donaldson Road Chattanooga, TN, in violation of Title 21 U.S.C. § 841, Title 21 U.S.C. § 846, Title 18 U.S.C. § 922(g)(1) and (g)(3), and Title 18 U.S.C. § 924(c).